James LITVINKO *v.* Richard E. DOWNING
and John E. ROUSSOS

76-225                                          545 S.W. 2d 616

Opinion delivered January 17, 1977
(Division I)

*Ben J. Harrison,* for appellant.

*Glover, Sanders & Parkerson,* by: *J. E. Sanders,* for appellees.

GEORGE ROSE SMITH, Justice. The question here is whether James Litvinko is entitled to retain the proceeds of two $5,000 certificates of deposit which belonged to his wife. payable on her death to her two adult sons, and which Litvinko, under a power of attorney, cashed during her terminal illness. The chancellor held that the money belongs to the two sons. Our statement of the case is greatly simplified by Litvinko's candid concession, through counsel, that he violated his fiduciary duty in the transaction.

Mrs. Litvinko had been successful as a business woman before she married Litvinko in about 1963. In February of 1974 they executed similar wills, each leaving his property to the other. About two months later Mrs. Litvinko used her own money to purchase the two certificates of deposit, each being payable on her death to one of her sons.

In May of 1975 Mrs. Litvinko was found to be terminally ill. When she became unable to write her name she executed a general power of attorney in favor of her husband. It authorized him, as her agent, to manage her property, receive money on her behalf, deposit it to her account, and draw checks upon her account — all as might be necessary and expedient. On the same day that the power of attorney was executed Litvinko took the two certificates from the couple's safety deposit box and cashed them, incurring a $371 prepay-

ment penalty to the issuing bank. Litvinko deposited the money in his own bank account. Mrs. Litvinko died less than two months later. There were other funds available to pay the expenses of her last illness and funeral. This suit was brought by the two sons, for an accounting.

The appellant concedes, and there can be no doubt, that he violated his fiduciary duty, as an agent, in cashing the certificates and depositing the money in his own bank account. In Cardozo's often quoted words: "A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior." *Meinhard* v. *Salmon*, 249 N.Y. 458, 164 N.E. 545, 62 A.L.R. 1 (1928). Litvinko's conduct fell far short of that standard.

It is argued, however, that Litvinko could, under the authority of the power of attorney, have cashed the certificates and deposited the proceeds to his wife's account. Upon her death he would have received the money as the beneficiary of her will. Hence, it is argued, the breach of duty makes no practical difference in the end.

What that argument disregards is the basic premise that an agent's fiduciary duty requires him to avoid any possible conflict of interest, by acting solely in the best interest of his principal. Had Litvinko cashed the certificates and put the money into his wife's account in a good faith effort to shield her from hardship or suffering, a different question might be presented. That is not what happened. To the contrary, Litvinko hastened to the bank, cashed the certificates, and tried to make the proceeds his own. His motive was evidently to thwart his wife's wish that her sons have the certificates. What the chancellor found to have been done in bad faith cannot be condoned upon the supposition that a different course of conduct, pursued in good faith, might have led to the same final result.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.